THE STATE, THE TRENTON WATER POWER COMPANY, PROSECUTORS, v. LEWIS PARKER, Jr., RECEIVER OF TAXES OF THE CITY OF TRENTON.

1.  A private corporation, other than a banking or insurance company, to be exempt from taxation for state, county, and municipal purposes, under the fifteenth section of the tax law of 1866, as having a contract of exemption in its charter, must have a contract of entire exemption from all such taxation.

2.  The power of taxation is necessarily unlimited in its extent, unless qualified or restrained by constitutional provisions, or legislative enactment, assuming the form of a contract, and for that reason within the protection of the constitution.

3.  This unlimited power of taxation does not, however, include the power to levy an arbitrary sum from a corporation. It extends only to the right to subject the property of a corporation to such taxation, as by the general laws of the state may be imposed on the kind of property of which it is the owner, or to subject it to such taxation as corporations, as a class, are made liable to. Beyond the exercise of this taxation, the legislature cannot assess upon a single corporation an arbitrary assessment, and compel its payment, for that would be a taking of private property for public use, without compensation, unless the power to make such an assessment is expressly reserved.

4.  To limit or restrict the power of the legislature to tax a corporation, because of a contract in its charter, the intention to limit or abridge must be declared by positive legislative enactment, expressed in as clear and unambiguous terms as would be required to constitute a total renunciation of the power of taxation.

5.  By the charter of the Trenton Water Power Company it was enacted, that it should be lawful for the council and general assembly of this state, at any time thereafter, to lay a tax on the company not exceeding the half of one per cent. upon its capital stock subscribed and paid in. *Held*, that this provision amounted to no more than the reservation to the legislature of a right, in its discretion, to require the company to pay a bonus to the state for its corporate franchises, within the specified limit, and that it did not protect the company from taxation for state, county, and municipal purposes, under the fifteenth section of the tax law of 1866, nor exempt them from taxation beyond that limitation, by force of constitutional provisions.

On *certiorari* to remove an assessment of taxes, made

against the prosecutors, in the Fourth ward in the city of Trenton, for the year 1866.

Argued at June Term, 1867, before the CHIEF JUSTICE, and Justices VREDENBURGH, WOODHULL, and DEPUE, upon the following state of the case, agreed on by the parties.

"The Trenton Water Power Company" is a private corporation of the State of New Jersey, and their principal office is in the Fourth ward of the city of Trenton.

The full amount of the capital stock paid in is $100,000. There is no accumulated surplus.

The rate of taxation for state, county, and city purposes, for the year 1866, was one and a half per cent., making the whole amount of tax upon the capital stock $1500.

The original charter, under which the Trenton Water Power Company claim that their tax is limited to the rate of one-half of one per cent. upon its capital stock paid in, is "an act to incorporate a company to create a water power at the city of Trenton and its vicinity, and for other purposes," passed February 16th, 1831. *Laws of* 1831, *p.* 131.

The corporate name therein given is "Trenton Delaware Falls Company."

It is agreed that this act shall be considered part of this state of the case. Section eighteen is as follows: "And be it enacted, that as soon as the said dam and other works are finished so as to be used, the managers of said company shall cause to be filed, under oath or affirmation of at least two officers of said company, a statement of the amount of the cost of said water power and other works, with its appendages, including all expenses, in the office of the secretary of state. And it shall be lawful for the council and general assembly of this state, at any time hereafter, to levy a tax on the company hereby incorporated, not exceeding the half of one per cent. upon its capital stock subscribed and paid in."

Afterwards, to wit, February 15th, 1844, an act was passed, entitled "An act to relieve the creditors of the Tren-

ton Delaware Falls Company," by which, among other things, the receivers appointed by the Chancellor were authorized to sell real estate, franchises, and works of the Trenton Delaware Falls Company, at public sale, to the highest bidder, free and clear of all encumbrances, and to make to the purchaser thereof as good and sufficient title in law as the said company had in said real estate, franchises, and works, free and clear of all mortgages, judgments, or other liens whatever.

And it was further enacted, that the purchasers thereof should hold said works, franchises, and real estate as a joint stock company, in the same manner as the original stockholders held the same; provided, they should not extend their capital beyond the limits of the charter, or in any wise contravene the provisions thereof; and, provided further, that after said purchase the said company should be known as " The Trenton Water Power Company," and by that name might sue and be sued, have a common seal, and exercise all its corporate powers.

And it is agreed that said act shall be considered a part of this state of the case, leaving the legal construction thereof to the court.

And it is admitted that " The Trenton Water Power Company " became the purchasers under the said last named act of the legislature, in manner and form therein recited and empowered.

The company claim that under the above state of the case they can only be taxed a sum not exceeding one-half of one per cent. upon their capital stock subscribed and paid in, and that the assessment made by the assessor of the Fourth ward of the city of Trenton, of one and a half per cent. upon said capital stock, is erroneous.

It is admitted that the said Trenton Water Power Company hold real estate, valued at three thousand dollars, and assessed at that amount, in the township of Ewing, in the county of Mercer.

It is admitted that the said company claimed a deduction

for said real estate in Ewing township, and also a reduction of said tax to the rate of one-half of one per cent., first from the assessor of the Fourth ward of the city of Trenton, at the time he made said assessment, and afterwards from the commissioners of appeal in cases of taxation, as required by law, at a regular meeting of said commissioners, and at the time and in the manner required by law; but that the said commissioners, and the said assessor, respectively, refused to make said deduction, upon the ground that, by law, the capital stock of said company is taxable without regard to the limitation in said charter, and without deduction of said real estate.

Wherefore the defendant, Lewis Parker, Jr., receiver of taxes of the city of Trenton, the officer of said city legally authorized to collect taxes therein, having demanded of said company the amount of said tax, without any allowance or deduction, this *certiorari* was brought."

*Mr. E. W. Scudder*, for prosecutor.

1. The real estate of corporations liable to taxation, must be assessed in the township or ward where it lies. *Laws of* 1866, § 7, *p.* 1081.

2. The amount of assessment of real estate must be deducted from the amount of capital stock. *Laws of* 1866, § 23, *p.* 1089.

3. Real estate in Ewing township, assessed there at three thousand dollars, should be deducted from capital stock assessed in the city of Trenton.

There is, therefore, error in the assessment, if the company is liable to taxation under the general law.

4. It is insisted, however, that the company is not liable to taxation under the general law. The method and limit of taxation are fixed by the charter of the Trenton Delaware Falls Company. *Laws of* 1831, § 18, *p.* 131.

5. The terms used in the act giving authority to the legislature to tax " not exceeding the one-half of one per cent.

upon the capital stock subscribed and paid in," is a limitation of power to tax.

6. Such limitations are good. *Enfield Toll Br. Co.* v. *Hartford and N. H. R. R. Co.*, 17 *Conn.* 454; *Thompson* v. *N. Y. & Harlem R. R. Co.*, 3 *Sandf. Ch. R.* 625.

7. It is a pledge of public faith to corporations, upon which they acted and expended money.

8. The state had an interest in the charter as part of the consideration for exemption—the right of subscribing one-fourth of the stock, and appointing three directors. *Laws of* 1831, § 4, *p.* 132.

9. When accepted, the state has no power to annul the contract, where a right of repeal is not reserved. *State* v. *Miller*, 1 *Vroom* 370; *Ang. & Ames on Corp.*, § 767, *note* 1; 3 *Kent's Com.* (10th *ed.*) 306; *New Jersey* v. *Wilson*, Cranch 165; *State* v. *Brannin*, 3 *Zab.* 485; *Sedg. on Stat. and Cons. Law*, *p.* 618, 625, 630; *Fletcher* v. *Peck*, 6 *Cranch* 136, 138; *Dartmouth College* v. *Woodward*, 4 *Wheat.* 578; *Wash. Bridge Co.* v. *State*, 18 *Conn.* 65; *Dodge* v. *Woolsey*, 18 *How.* 330; *Landon* v. *Litchfield*, 11 *Conn.* 251.

10. There is no repealing clause in this charter, and it is prior to the general law giving the right of repeal. *Nix. Dig.* § 6, *p.* 152.

11. The provisions of the original charter apply to the Trenton Water Power Company, by sale. *Laws of* 1844, *p.* 85.

*James S. Aitkin*, attorney for defendants in *certiorari*.

The question in dispute depends on the construction of the eighteenth section of charter of the Trenton Delaware Falls Company. *Pamph. L.*, 1831, *p.* 131.

Is it a contract exempting the company from taxation beyond one-half of one per cent. on its capital stock?

The essential features of a contract are wanting in the eighteenth section. No pretence that there are words anywhere else in the charter constituting the contract.

There is no express agreement not to levy any other tax than the one mentioned.

By that act the legislature are merely empowered, or rather have the power reserved, at any time thereafter to levy that tax.

Then, it is only of one tax—" *a tax* " is the language.

That tax the legislature are to fix, not exceeding one-half of one per cent. upon capital. It is not a yearly tax.

It is really a reserved power in consideration of a grant, and when the company are in fair operation, to levy a tax on the company at such rate as the legislature shall think proper, not exceeding altogether one-half of one per cent.

That power may never be exercised. It is a discretionary one in the legislature. It never has been exercised.

The assessment under the general tax law of 1866, is not a levy of the tax reserved in this charter. The legislature has nowhere said this company shall pay one-half of one per cent.

The power is reserved by the act for the grant, because the company would in no other way have to pay any tax. Stock in incorporated companies was not at that time taxable. Stocks were first made taxable in 1851 ; corporations as individuals in 1862.

The act should contain an express exemption from taxation, to prevent the operation of general tax laws applying to this corporation.

A mere authority reserved to levy a tax of one-half of one per cent. on capital by the legislature, cannot exempt the company from municipal taxation.

If the legislature intended to exempt the company from all taxation, they should have said so. And they would, as they had several precedents at that time. *Camden & Amboy R. R.*, 1830, § 23 ; *Del. & Rar. Canal*, 1830, § 26 ; *Elizabethtown & Somerville R. R.*, 1831, and others. See *Harrison's Comp.* 284, 292, 326, 333, 376, 396, &c.

The charters in these cases contain express enactment that the company shall not be liable to any tax. A tax is levied

either on the capital or by duty, and then the contract that no other tax or impost shall be levied, &c.

This the Chief Justice, in *State* v. *Brannin*, 3 *Zab* 493, calls the terms of the contract.

Upon those terms alone the court held that the company and the stockholders were exempt from tax.

In the act in question, the inherent power of taxation existing in the legislature, has not been contracted away.

The reasonable inference always is, that when the legislature intend to take away rights, or grant them, it will do so in express terms. *State* v. *Minton*, 3 *Zab.* 529; *State* v. *Elizabeth*, 5 *Dutcher* 543; *State* v. *Berry*, 2 *Harr.* 80; 4 *Bac. Abr., tit.* "*Statute I*," 644; *State* v. *Flavell*, 4 *Zab.* 370; *State* v. *Newark*, 2 *Dutcher* 523; *Bridge Co.* v. *H. L. Co.*, 2 *Beasley* 81, 427; *Gordon* v. *Appeal Court*, 3 *How.* 133; *Angell & Ames on Corp.*, § 438.

The taxing power of a state is never presumed to be relinquished, unless the intention to relinquish is declared in clear and unambiguous terms. *Phila. R. R. Co.* v. *Maryland*, 10 *How.* 377, 393; *Sedgwick on Stat. Laws* 626, and following pages.

The manifest design of the legislature, by the tax law of 1866, was to tax all property not expressly exempt from taxation. *Pamph. Laws of* 1866, § 15.

The language is strong and positive. The exception makes the intention more clear, that all corporations not embraced in the exception were to be taxed, as provided in the act. *State* v. *Miller*, 1 *Vroom* 371.

The prosecutors are within the clear provisions of the tax power, and are not exempt.

If the position of the counsel for prosecutors be correct, this company will escape taxation entirely. The legislature have not provided for the case. No tax has ever been levied for any sum on their capital stock.

The provisions of the general law are for a *pro rata* tax, according to certain provisions of the law. The company could not be taxed. And the general law exempts stock-

holders. The cases cited by the counsel of prosecutors go no further than to say, that accepted acts of the legislature are franchises, and are protected by the constitution of the United States.

The opinion of the court was delivered by

DEPUE, J. The assessment in question was made against the prosecutors, upon the capital stock and accumulated surplus of the company, at the rate of one and a half per cent., being the rate at which the real and personal estate owned by individuals in the same ward was taxed.

It was conceded on the argument, that the prosecutors, at a sale of the real estate, franchises, and works of the Trenton Delaware Falls Company, made in pursuance of an act passed on the fifteenth day of February, 1844, to relieve the creditors of that company, became the purchasers, and that by such purchase they acquired not only the property of the Trenton Delaware Falls Company, but also the franchises of that company, including any exemption from, or restriction upon, the power of taxation, that was granted in the original charter.

By the eighteenth section of the act incorporating the Trenton Delaware Falls Company, passed on the sixteenth of February, 1831, (*Acts of* 1831, *p.* 131,) it is enacted, " that as soon as the said dam and other works are finished so as to be used, the managers of the said company shall cause to be filed, under oath or affirmation of at least two officers of said company, a statement of the amount of the cost of said water power, and other works, with its appendages, including all expenses, in the office of the secretary of state; and it shall be lawful for the council and general assembly of this state, at any time hereafter, to levy a tax on the company hereby incorporated, not exceeding the half of one per cent. upon its capital stock subscribed and paid in."

The prosecutors insist that by this section they have a contract with the state restricting the power of taxation

within the limit of one half of one per cent. upon their capital stock subscribed for and paid in, and that the tax imposed in excess of that rate is unlawful.

It was urged that the prosecutors, by force of this section, came within the class of corporations excepted from tax by the fifteenth section of the tax law of 1866, (*Acts of* 1866, *p.* 1084,) as being exempted from taxation by virtue of any contract in their charters or other contracts with the state. If this position be correct the entire assessment is illegal. The authority to assess private corporations for their capital stock and accumulated surplus, is conferred by the fifteenth section, and all such corporations as have such contract with the state, are entirely excluded from the subjects of taxation based upon capital stock or accumulated surplus. The language of the section is: "That all private corporations of this state, except banking institutions, and except those which, by virtue of any contract in their charters, or other contracts with this state, are expressly exempted from taxation, and except mutual life insurance companies specially taxed, shall be, and are hereby required to be respectively assessed and taxed at the full amount of their capital stock paid in and accumulated surplus."

To bring a corporation, not being a banking or insurance company, within the exception of this section, it must be one having a contract of entire exemption from all such taxation for state, county, township, or municipal purposes, as is imposed by the general system of taxation in force in the state. Unless the prosecutors have a contract of entire exemption from all such taxation, they come within the class of corporations made taxable by this section, and being taxable, are to be taxed for their capital stock and accumulated surplus at the same rates as the property of private individuals is taxed.

The eighteenth section of the charter of the prosecutors contains no express provision, exempting them from the usual and ordinary taxation for state, county, and municipal purposes. But it was argued that the restriction in the last

clause of the section, while not in express terms made applicable to such taxation, by necessary implication extends thereto; and while it may not amount to an entire exemption from taxation for general purposes, yet it must be allowed the force of a limitation on the power of the legislature, to subject the company to taxation under the general tax laws, which may, from time to time, be passed by the legislature, beyond the sum of one half of one per cent. on their capital stock.

The power of taxation is an essential attribute of sovereignty, reaching to all persons, and property belonging to the body politic. It resides in the government as part of itself, and need not be reserved where property of any description, or the right to use it in any manner, is granted to individuals or corporate bodies, and it will never be presumed to be relinquished unless the intention to do so is declared in clear and unambiguous terms. *Providence Bank* v. *Billings*, 4 *Pet.* 514; *Philadelphia and Wilmington R. R. Co.* v. *Maryland*, 10 *How.* 393; *State* v. *Newark*, 2 *Dutcher* 519.

This power is necessarily unlimited in its extent, unless restrained or qualified by constitutional provisions, or legislative enactment, assuming the form of an irrepealable contract, and for that reason within the protection of the constitution. No limitation or restriction upon the exercise of this essential attribute of government, will be raised by implication. The intention to limit or abridge must be declared by positive legislative enactment, expressed in as clear and unambiguous terms as would be required to constitute a total renunciation of the power of taxation.

This unlimited power of taxation does not, however, include the power to levy an arbitrary sum upon a single corporation. It extends only to the right to subject the property of a corporation to such taxation as by the general laws of the state may be imposed on the kind of property of which it is the owner, or to subject it to such taxation as corporations, as a class, are made liable to. Beyond the exercise

of this power of taxation, the legislature cannot assess upon a single corporation an arbitrary assessment, and compel its payment, because that would be a taking of private property for public use without compensation, unless the power to make such an assessment is expressly reserved.

The section in question does not contain either an exemption from taxation for general purposes, or a restriction on the power of the legislature to subject this company to the same taxation as by general laws may be laid upon corporations. It amounts only to a reservation of the right to the state to require of this corporation the payment of such sum in the nature of a bonus for its corporate franchises, as the legislature may see fit, in its discretion, to impose, within the limit of one-half of one per cent. on its capital stock subscribed for and paid in. It has none of the features of a provision restricting or regulating taxation from year to year. The right reserved is to make only one single assessment, and that assessment can only be made by virtue of a special act of the legislature, specifically requiring this company to pay such sum as the legislature may name, within the stipulated limits, and when that right is once exercised, the power of the legislature to resort to this method of assessment is exhausted.

That this is the true construction of the charter of the prosecutors, is made apparent by a reference to contemporary legislation, by which exemptions from general taxation are granted. At the same session of the legislature at which the Trenton Delaware Falls Company was incorporated, the Paterson and ·Hudson River Railroad Company, and the Elizabethtown and Somerville Railroad Company, were also incorporated—the act incorporating the Elizabethtown and Somerville Railroad Company being passed on the ninth day of February, 1831, and the act incorporating the Trenton Delaware Falls Company being passed on the sixteenth of the same month.

The eighteenth section of the act incorporating the Paterson and Hudson River Railroad Company, provides that the com-

pany should, after five years from the passage of the act, pay to the treasurer of the state, yearly and every year, a tax of one-quarter of one per cent. upon their capital stock paid in, and yearly and every year, after the expiration of ten years, a tax of one-half of one per cent. upon the capital stock so paid in as aforesaid, and provides that no other or further tax or impost shall be levied or assessed upon said company. By the fifteenth section of the act incorporating the Elizabethtown and Somerville Railroad Company, the company is required, as soon as the net income of the road shall amount to seven per centum upon its cost, to pay to the treasurer of the state, annually, a tax of one-half of one per centum on the cost of the road, with a proviso of exemption from other taxes and imposts, the same as that contained in the charter of the Paterson and Hudson River Railroad Company.

Provisions of a similar character are contained in the charter of the Delaware and Raritan Canal Company, passed February 4th, 1830; of the Camden and Amboy Railroad Company, passed the same day; of the New Jersey Railroad and Transportation Company, passed March 7th, 1832, and of the New Jersey, Hudson, and Delaware Railroad Company, passed March 8th, 1832. In each of these charters a certain annual sum is required to be paid by the company to the state, either at once or after a certain specified period or event, and words of express exemption from other taxation are annexed.

These provisions in the charters of the companies referred to, embrace all the elements of a contract—a consideration —the payment, or agreement to pay to the state certain sums annually, and express words of agreement on the part of the state to accept the same in lieu of ordinary taxation. In the charter of the prosecutors, all these elements are wanting. No tax is required to be paid by them, graduated by their capital stock, or the cost of their works, nor is there any requirement of any specific tax to be paid to the state. The state has received no consideration for the grant, in the shape of an

annual or other sum, paid or to be paid into the state treasury. The grant to the prosecutors is exclusively for the benefit of their stockholders, and the object of the incorporation is purely local in its benefits.

If it were permissible to abridge the power of the legislature in the exercise of its powers of taxation, by implication, without positive legislative enactment clearly expressed, an intention to exempt a corporation from ordinary taxation could not be inferred from the reservation to the legislature, of the right to require the payment to the state of a bonus for its corporate franchises, which the legislature might have exacted at once as a condition of the grant, without relinquishing the power of taxing its property in common with other property in the state. The eighteenth section of the charter of the prosecutors is no more than a reservation by the legislature of the right to require the payment of such bonus whenever they may think proper to exact it. The restriction contained in that section is only a limitation upon that reserved right. It is no restriction on, or abridgment of, the powers of the legislature in the laying of taxes for general purposes. The assessment was, therefore, properly made upon the capital stock and accumulated surplus of the company at the same rate at which other taxable property was taxed.

The prosecutors were the owners of real estate in the township of Ewing, within this state. For this real estate they were assessed in the said township at a valuation of three thousand dollars. That sum they were entitled to have deducted from their capital stock and accumulated surplus. No such deduction was made. In that respect the assessment is erroneous and must be corrected. In all other respects the assessment is affirmed.